## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIZZY M. DAVIS,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
DC-0752-15-1152-I-1

DATE: July 7, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kizzy M. Davis, High Point, North Carolina, pro se.

Greg Allan Ribreau, Charlotte, North Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 In this appeal, the appellant indicated that she was a preference‑eligible EAS-18 Personnel Processing Specialist with 8 months of Government service and that she was serving in a probationary period at the time of the action being appealed. Initial Appeal File (IAF), Tab 1 at 1. She included a copy of a PS-50 Notification of Personnel Action form, which indicated that the agency had terminated her during her probationary period for unacceptable conduct. *Id.* at 4. In addition to the acknowledgment order in which the administrative judge gave the appellant notice of her burden to establish jurisdiction over her appeal, the administrative judge also issued a separate jurisdictional order notifying the appellant exactly what she must allege to be entitled to a hearing on the jurisdictional issue. IAF, Tabs 2-3. The appellant did not respond to either order.

¶3 Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that she was an employee with the 1-year of current continuous service necessary for the Board to have jurisdiction over her appeal. IAF, Tab 7, Initial Decision (ID). In her timely filed petition for review, the appellant cites regulations regarding Postal Service employees' appeal rights

when pursuing both a grievance and a Board appeal on the same matter. Petition for Review (PFR) File, Tab 1 at 2-3. The appellant contends that the agency has employed her since September 11, 2001, but she also concedes that the agency terminated her during her probationary period. *Id.* at 3. Additionally, she challenges the agency's reasons for her termination. *Id.* at 3-5. The agency responds in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      For a Postal Service employee to appeal a removal under 5 U.S.C. chapter 75, she must: (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions. *E.g.*, *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012) (citing 39 U.S.C. § 1005(a); 5 U.S.C. § 7511(a)(1)(B)(ii)).

¶5      The appellant alleged that she is entitled to veterans' preference. IAF, Tab 1 at 1. Although she offered no evidence in support of her assertion, the agency did not challenge it. Nevertheless, even if we were to credit the appellant's unsupported assertion,[2] we would find that she failed to make a nonfrivolous allegation that, if proven, could establish that the Board has jurisdiction over her appeal because both her factual allegations and the document she submitted with her appeal establish that she lacks the 1 year of current continuous service required for a preference-eligible Postal Service employee to appeal a removal to the Board. As noted above, the appellant explicitly stated that she had 8 months of Federal service and acknowledged on her appeal form

---

[2] The administrative judge noted that "it appears" the appellant was in a management position and was performing personnel work, but she made no finding in that regard. ID at 3. Although the record indicates that the appellant was a personnel processing specialist, she did not allege that she was engaged in personnel work in other than a purely nonconfidential clerical capacity. *See* 39 U.S.C. § 1005(a).

that she was serving in a probationary, trial, or initial service period at the time of the action she was appealing, which, according to the PS-50 form she included, was her termination during her probationary period. IAF, Tab 1 at 1, 4. Therefore, given the entirety of the appellant's submissions below, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that, if proven, would establish Board jurisdiction over her termination. ID at 3.

¶6 The appellant's arguments on review do not demonstrate that the administrative judge erred. The appellant does not explain how the regulations she cites regarding the election of a Postal Service employee to proceed before the Board or through the negotiated grievance procedure apply to this action. PFR File, Tab 1 at 2-3. Moreover, nothing in the record indicates that the appellant filed a grievance over her termination.

¶7 Although the appellant asserts on review that she has been employed by the Postal Service since September 11, 2011, she provides no support for her assertion and implies that this alleged service consisted of temporary or term appointments, claiming that, "I finally made career on December 27, 2014." *Id.* at 3. Consistent with that assertion, she goes on to acknowledge in her petition for review that, "[o]n August 20, 2015, I was terminated 4 months short of my probationary year." *Id.* The appellant's remaining allegations on review concern the merits of her termination and do not address the jurisdictional issue. *Id.* at 4−5. Thus, we find that the appellant's assertions on review bolster the administrative judge's determination that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over this appeal and thus, that she was not entitled to a hearing on that issue. Accordingly, we deny the appellant's petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.